UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CRAIG CLARK            )
                               )
        Plaintiff,             )
                               )
    v.                         )   C.A. No. 00-11253-MLW
                               )
WASHINGTON STREET SUNOCO, et al)
                               )
        Defendants.            )

MEMORANDUM

Plaintiff, a resident of Virginia, submitted for filing his self-prepared complaint against twenty (20) Massachusetts defendants alleging the wrongful deprivation of his property. Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915. Specifically, this statute authorizes federal courts to dismiss such actions if satisfied that the action is either frivolous or malicious. 28 U.S.C. § 1915. A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Supreme Court held that courts may dismiss in forma pauperis complaints sua sponte without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Forte v. Sullivan, 935 F.2d 1 (1st Cir. 1991) (citing Neitzke v. Williams, 490 U.S. at 327).

The subject matter jurisdiction of the federal district

courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§1331) or plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 (§1332).

Plaintiff brings this complaint alleging the wrongful deprivation of his property. The named defendants include one gas station, seventeen churches and two state government offices. Although plaintiff's complaint alludes to claims under federal statutes and the United States Constitution, the complaint is unintelligible and raises no identifiable federal issue.

Plaintiff's complaint fails to conform with the Federal Rules of Civil Procedure. The complaint fails to provide a jurisdictional basis for his claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; fails to include a demand for judgment for the relief he is seeking as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; fails to describe the property in question, and fails to describe specific incidents as well as each defendants conduct. Consequently, the Court is unable to determine whether plaintiff has stated an actionable complaint, and the defendants are without fair notice to allow them to respond to plaintiff's claims. See Fed. R. Civ. P. 8(a).

Although pro se complaints are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the complaint reveals no basis for the exercise of subject matter jurisdiction over plaintiff's suit, which therefore must be dismissed.

ACCORDINGLY, this court finds no arguable legal basis for the Complaint, and this case will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why this case should not be dismissed for the reasons stated above.

Dated at Boston, Massachusetts, this 31 day of August, 2000.

_____
UNITED STATES DISTRICT JUDGE